**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALFREDO RODRIGUEZ. | Criminal Action No. 23-920 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Alfredo Rodriguez's ("Rodriguez") correspondence, which the Court construes as a Motion for Early Termination of Supervised Release ("Motion") pursuant to 18 U.S.C. § 3583(e)(1). (ECF No. 4.) The Court has considered Rodriguez's Motion under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On June 7, 2022, Rodriguez pleaded guilty to Count Two of a two-count Indictment charging him with attempted possession with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. §§ 846, 813 and 841(b)(1)(C); 18 U.S.C. §§ 2 and 3551, *et seq.* (*See* Indictment, ECF No. 2-1; *see also* Docket Sheet, ECF No. 2-3.)

On January 20, 2023, Rodriguez was sentenced to time served followed by five years of supervised release, with special conditions. (*See* Jan. 2023 J., ECF No. 2-2.) On January 5, 2026, Rodriguez moved for early termination of supervised release based on his compliance with the supervised release conditions, asserting in part that he "[has] fully complied with all conditions imposed by the [C]ourt." (Rodriguez Mot. 1, ECF No. 4.)

## II. <u>LEGAL STANDARD</u>

Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the sentencing court to terminate supervised release "at any time after the expiration of one year of supervised release" if, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). When reviewing the Section 3553(a) factors, the Court need not make specific findings for each factor. *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020). The Court need only state that it has considered them. *Id.* at 53.

Although the Third Circuit held that Section 3583(e)(1) does not require a finding of new or unforeseen circumstances, it reasoned that, generally, only when new or unforeseen circumstances warrant it, will a sentencing judge grant a motion for early termination of supervised release under Section 3583(e)(1). *Id.* The Third Circuit reasoned "[t]hat is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, [the Court] would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* Importantly, "[d]istrict courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release." *United States v. Wilson*, 707 F.3d 412,416 (3d Cir. 2013).

## III. <u>DISCUSSION</u>

The Court has considered the Section 3553(a) factors and finds that early termination of supervised release is not warranted here. *See Melvin*, 978 F.3d at 52 ("After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." (citing 18 U.S.C. § 3583(e)(1))).

As an initial matter, "mere compliance with the conditions of supervised release is generally insufficient to support early termination." *United States v. Vasiliades*, No. 96-217, 2022 WL 3701963, at *3 (E.D. Pa. Aug. 25, 2022) (citations omitted). While the Court commends Rodriguez's progress towards living a law-abiding life, compliance with the terms of supervised release is what is expected of probationers. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination.").

Additionally, the Court finds that Rodriguez has failed to articulate a basis as to why his conditions of supervision negatively impact any aspect of his daily life. Further, after Rodriguez filed the instant motion, he pled guilty in municipal court on May 4, 2026, to a charge of 2C:20-11B(1)-Shoplifting-Take Merchandise Without Paying-Retail Value Less Than $200 dollars. (*See* Pet., ECF No. 5.) Here, there are no new or unforeseen circumstances that warrant a change in the Court's sentence. Moreover, the Court finds the sentence appropriate, and an early termination would not be in the interest of justice. As such, Rodriguez's Motion is denied.

## IV. <u>ORDER</u>

For the foregoing reasons,

**IT IS** on this <u>14th</u> day of October, 2026 **ORDERED** that:

1. Rodriguez's Motion for Early Termination of Supervised Release (ECF No. 4) is **DENIED.**

2. The Clerk of Court shall send a copy of this Memorandum Order to Defendant by regular U.S. mail.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE